```
              IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

ME2 PRODUCTIONS, INC.,         )  CIVIL NO. 17-00155 JMS-KSC
                               )
         Plaintiff,            )  FINDINGS AND RECOMMENDATION TO
                               )  DENY PLAINTIFF'S SECOND MOTION
    vs.                        )  FOR DEFAULT JUDGMENT AGAINST
                               )  DEFENDANT KAMMY LAU
KAMMY LAU AND KAIMI            )
PANGORANG,                     )
                               )
         Defendants.           )
_____)
```

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S SECOND
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KAMMY LAU

On December 1, 2017, Plaintiff filed a Second Motion for Default Judgment Against Defendant Kammy Lau.  The Court elects to decide this matter without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii.  For the reasons articulated below, the Court RECOMMENDS that the Motion be DENIED.

BACKGROUND

Plaintiff commenced this action on April 5, 2017.  On August 30, 2017, Plaintiff filed a First Amended Complaint ("FAC").  Because Defendant Tammy (later corrected to Kammy) Lau failed to respond to the Complaint, Plaintiff requested that default enter against her.  Default entered on October 4, 2017.

On October 6, 2017, Plaintiff filed a Motion for Default Judgment Against Defendants Tammy Lau and Kaimi Pangorang.

On October 26, 2017, Plaintiff filed a Motion to Amend Case Caption, which sought leave to correct erroneously-named Defendant Tammy Lau to Kammy Lau, or alternatively, to file a Second Amended Complaint ("SAC") to make the aforesaid change. This Court granted Plaintiff leave to file a SAC.

On October 30, 2017, Plaintiff filed the SAC. Plaintiff now moves for the entry of default judgment against Kammy Lau.

## DISCUSSION

It is well-established that an entry of default must precede a motion for default judgment. Brooks v. United States, 29 F. Supp. 2d 613, 618 (N.D. Cal. 1997) ("The entry of default judgment is a two-part process; default judgment may be entered only upon the entry of default by the Clerk of the Court."). The entry of default upon which Plaintiff relies is against Tammy Lau, not Kammy Lau. Insofar as default has not entered against Kammy Lau, the present Motion is premature. The Court therefore recommends that the Motion be DENIED.

## CONCLUSION

In accordance with the foregoing, the Court RECOMMENDS that Plaintiff's Second Motion for Default Judgment Against Defendant Kammy Lau, filed December 1, 2017, be DENIED.

      IT IS SO FOUND AND RECOMMENDED.

      DATED:    Honolulu, Hawaii, December 4, 2017.





      Kevin S.C. Chang
      United States Magistrate Judge

CIVIL NO. 17-00155 JMS-KSC; ME2 PRODUCTIONS, INC. V. LAU, ET AL.; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT KAMMY LAU